```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA


SARAH HOOKS, ET AL.                        CIVIL ACTION

VERSUS                                     NO: 15-729

NATIONWIDE HOUSING SYSTEMS,                SECTION: J(3)
LLC, ET AL.
```

## ORDER AND REASONS

Before the Court are Plaintiffs' **Motion for Reconsideration (Rec. Doc. 88)** and Defendants' **Memorandum in Opposition (Rec. Doc. 94).**

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). The Fifth Circuit treats a motion for reconsideration challenging a prior judgment as either a motion "to alter or amend" under Federal Rule of Civil Procedure 59(e) or a motion for "relief from judgment" under Federal Rule of Civil Procedure 60(b). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 (5th Cir. 1994). The difference in treatment is based on timing. If the motion is filed within ten days of the judgment, then it falls under Rule 59(e). *Id.* However, if the motion is filed more than ten days after the judgment, it is governed by Rule 60(b). *Id.* In the

1

present case, Plaintiffs' Motion for Reconsideration (Rec. Doc. 88) was filed on March 17, 2017, which is more than ten days after the Court's February 22 and February 24 orders denying their motion for entry of separate final judgment (Rec. Docs. 86, 87). As a result, Plaintiffs' Motion for Reconsideration (Rec. Doc. 88) is considered under the more stringent Rule 60(b) standard.

Rule 60(b) provides that a court may reconsider an order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on a prior judgment that has been reversed or vacated, or it is no longer equitable for the judgment to have prospective application; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b) (2011). A district court has considerable discretion to grant or deny relief under Rule 60(b), and its decision will be reversed only for an abuse of discretion. *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005). A district court abuses its discretion only if it bases its decision on an erroneous view of the law or clearly erroneous assessment of the evidence. *Id.*

In this case, the Court chooses not to exercise its discretion to grant Plaintiffs' **Motion for Reconsideration (Rec. Doc. 88)**. First, Plaintiffs have already appealed this Court's orders to the Fifth Circuit. *See* (Rec. Doc. 89.) "A timely notice of appeal divest the district court's jurisdiction, meaning it cannot grant a party's Rule 60(b) motion" unless the case is remanded from the appellate court. *Moore v. Tangipahoa Par. School Bd.*, 836 F.3d 503, 503 (5th Cir. 2016). However, having considered the motion, the legal memoranda, and the applicable law the Court finds that Plaintiffs' reasons for seeking reconsideration are based on arguments previously heard and considered by the Court and do not meet any of the requirements of Rule 60(b). The Court's previous ruling was not based on an erroneous view of the law or a clearly erroneous assessment of the evidence. Further, it appears that the sole reason Plaintiffs seek reconsideration is to achieve an extension of time within which to file a notice of appeal. Such use of Rule 60(b) is not permitted. *See Dunn v. Cockrell*, 302 F.3d 491, 492-93 (5th Cir. 2002). Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motion for Reconsideration (Rec. Doc. 88) is DENIED.**

New Orleans, Louisiana, this 4th day of April, 2017.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE